**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BENJAMIN LAFLOWER,

    Plaintiff,

v.                                                        Case No. 3:10-cv-227-J-32JRK

PHILIP MORRIS USA INC., R.J.
REYNOLDS TOBACCO COMPANY,
REPUBLIC TOBACCO L.P., and TOP
TOBACCO L.P.,

    Defendants.

_____

**O R D E R**

This tobacco product liability case is before the Court on two joint motions to dismiss, one by Defendants Republic Tobacco, L.P. and Top Tobacco L.P. (Doc. 27) and one by Defendants R.J. Reynolds Tobacco Company ("Reynolds") and Philip Morris USA Inc. (Doc. 85). Plaintiff Benjamin Laflower eventually responded to the first motion. (Doc. 43.) In light of Laflower's incarceration and pro se status, the Court has built extra time into deadlines, granted extensions of time, and provided generous grace periods thereafter, but Laflower has not responded to the second motion. The Court now takes up both motions for consideration, with the second one deemed unopposed.

**I.    BACKGROUND**

On March 11, 2010, Laflower filed his original complaint, purporting to bring claims for strict liability, negligence, and failure to warn against Republic, Top, Altria

Group, Inc., and Reynolds American Inc. (Doc. 1.) Shortly thereafter, the case was stayed for some time due to an appeal in a potentially related case. (Doc. 11.) While the case was stayed, on May 24, 2012, Laflower filed an amended complaint bringing only strict liability and negligence claims. (Doc. 17.) The case was reopened a short time thereafter, on June 13, 2012. (Doc. 19.) Once the defendants were all served with the amended complaint, Republic and Top filed their currently pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 27), while Altria and Reynolds American Inc. each moved to dismiss for lack of personal jurisdiction (Doc. 29; Doc. 47). On March 25, 2014, the Court granted the motions to dismiss Altria and Reynolds American Inc., but allowed Laflower to file a second amended complaint substituting in their places Philip Morris and Reynolds, respectively. (Doc. 65.) The Court took Republic and Top's motion under advisement and deemed it applicable to the second amended complaint. (Id. at 4.)

On April 11, 2014 Laflower filed his second amended complaint apparently bringing strict liability and negligence claims against Republic, Top, Philip Morris, and Reynolds. (Doc. 66.) On May 13, 2014, Philip Morris and Reynolds appeared for the first time and jointly moved for Laflower to provide a more definite statement, contending that the complaint alleged insufficient information about his smoking history and the medical conditions he claims smoking caused. (Doc. 73.) The assigned United State Magistrate Judge ordered Laflower to either provided the requested statement or respond to the motion by June 23, 2014. (Doc. 78.) After two extensions

of time, on September 4, 2014, Laflower filed his "More Definite Statement."[1] (Doc. 83.) The Magistrate Judge therefore deemed Philip Morris's and Reynolds's motion moot and ordered them to respond to the second amended complaint by September 22, 2014. (Doc. 84.)

Philip Morris and Reynolds filed their joint motion to dismiss on September 22, 2014. (Doc. 85.) On November 12, 2014, because Laflower had filed no response, the Court ordered him to do so by December 5, 2014. (Doc. 86.) On December 4, 2014, Laflower filed a request for extra time to file his response because he had been placed in long-term solitary confinement. (Doc. 87.) On December 8, 2014, the Court granted him until January 19, 2015 to file his response. (Doc. 88.) The Court also advised him that no further extensions would be allowed absent extraordinary circumstances. (Id.) To date, Laflower has filed no response to the motion to dismiss (though he did file a notice of change of address). Philip Morris's and Reynolds's motion to dismiss is therefore unopposed.

## II.   STANDARD OF REVIEW

When considering Rule 12(b)(6) motions to dismiss, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003), but disregard conclusory allegations of fact or law, Burroughs v. Broadspire, 323 F. App'x 730, 731

---

[1] Republic and Top have not sought to update or supplement their motion to dismiss in light of Laflower's "More Definite Statement."

3

(11th Cir. 2009) (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005)).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 89 (2007). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation omitted). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citation and quotation omitted). Whether a complaint gives reasonable notice is a question of law. Bejil v. Ethicon, Inc., 269 F.3d 477, 481 (5th Cir. 2001); Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997).

Because Laflower is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Koger v. Florida, 130 F. App'x. 327, 332 (11th Cir. 2005) (citing Tannenbaum v. United

4

States, 148 F.3d 1262, 1263 (11th Cir. 1998)), cert. denied, 546 S. Ct. 1151 (2006). Even with pro se litigants, however, "'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal'" under Rule 12(b)(6). Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005) (citation omitted).

## III.   ANALYSIS

In their motion to dismiss, Republic and Top essentially contend that Laflower has inadequately identified a design defect in their products and has no cause of action for failure to warn under Florida law.[2] (Doc. 27 at 1-2.) Laflower responds that he has adequately pleaded the nature of the design defect in defendants' products and that he is bringing a traditional negligence claim, not a failure to warn claim. (Doc. 43 at 4-5, 9-11.)

In their motion to dismiss, Philip Morris and Reynolds argue that Laflower's claims are barred by the Florida statutes of limitations on negligence and product liability claims. (Doc. 85 at 3-4.) They also contend that his alleged injuries lack detail and information supporting a causal connection to smoking. (Id. at 5-7.) Finally, Philip Morris and Reynolds argue that, to the extent Laflower is attempting to plead a claim for failure to warn, it would be both preempted by federal law and barred by state law due to the "open and obvious" dangers of smoking. (Id. at 7-9.) Again, Laflower has not

---

[2] In a footnote, Republic and Top allege that Top has never manufactured cigarettes and that Laflower makes no factual allegations against Republic, but state that they are expressly not addressing these alleged deficiencies in their motion. (Doc. 27 at 6 n.2.)

responded to this motion.

Because there is some overlap between the arguments made in the motions to dismiss, the Court will, to the extent possible, address the motions together.

### A.     Failure to Warn

The Court will begin by just briefly addressing the defendants' arguments regarding failure to warn. Though Laflower's original complaint expressly included claims for failure to warn, neither amended complaint does. (Compare Doc. 1 at 10-11, with Doc. 17, and Doc. 66.) Moreover, Laflower states in response to Republic's and Top's motion to dismiss that "[t]he defendant(s) have misconstrued this plaintiff's negligence claim as a failure to warn claim. However, plaintiff argues that this in fact is not the claim at all." (Doc. 43 at 9.) He then goes on to explain that his negligence claim is meant to be based on defendants' alleged failure to adequately test the design of their products and to provide a reasonably safer alternative design. (Id. at 9-10.) The Court accepts Laflower's characterization and his disclaimer of any intention to bring failure to warn claims in this case. Therefore, to the extent the motions argue for dismissal of any failure to warn claim, they are due to be denied.

### B.     Statutes of Limitation

Philip Morris and Reynolds also move to dismiss the second amended complaint on the grounds that his claims are barred by the four-year statute of limitations on strict product liability and negligence claims. (Doc. 85 at 3-4 (citing Fla. Stat. § 95.11(3)(a), (e)).) Statute of limitations is generally an affirmative defense that plaintiffs are not required to negate in the complaint. Lindley v. City of Birmingham,

6

Ala., 515 F. App'x 813, 815 (11th Cir. 2013) (quoting La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir.2004)); see Fed. R. Civ. P. 8(c)(1); Cohen v. Cooper, 20 So. 3d 453, 456 (Fla. 4th DCA 2009). The statute of limitations may properly be the subject of a motion to dismiss if "'the complaint affirmatively and clearly shows the conclusive applicability' of the defense to bar the action." Reisman v. Gen. Motors Corp., 845 F.2d 289, 291 (11th Cir. 1988) (quoting Evans v. Parker, 440 So. 2d 640, 641 (Fla. 1st DCA 1983)). As it stands, the defense is implicated by the allegations in the second amended complaint, together with the More Definite Statement.

Laflower filed his initial complaint on March 11, 2010. He currently alleges that he smoked Marlboro, Winston, and Newport brand cigarettes from 1990 to 2009, and Top Tobacco brand tobacco products from 1995 to 2011. (Doc. 83 at 1.) He attributes to his smoking a number of physical and mental ailments, which "started shortly after this plaintiff began smoking and have progressed over the years due to plaintiff's smoking." (Id. at 2-3.) He also alleges that smoking has caused "an undiagnosed heart condition" revealed in abnormal electrocardiogram readings from 2002 to 2014. (Id. at 2.) He also ties smoking to the results of a chest x-ray in 2007 that he describes as showing "lungs hyper extended suggestive of C.O.P.D. [chronic obstructive pulmonary disorder] . . . ." (Id. at 3.) In the second amended complaint proper, Laflower admits knowing the general health risks of smoking, but not the additional dangerousness caused by the particular design defects he alleges are in the defendants' products. (Doc. 66, ¶¶ 25, 30.) Taken together, these allegations indicate Laflower's claims are outside of the applicable four-year statutes of limitations. Fla. Stat. § 95.11(3)(a), (e).

7

Florida law does recognize certain grounds for delaying commencement of the statute of limitations, but the second amended complaint does not appear to implicate any of them. See Fla. Dep't of Health & Rehabilitative Svcs. v. S.A.P, 835 So. 2d 1091, 1096-97 (Fla. 2002); Carter v. Brown & Williamson Tobacco Co., 778 So. 2d 932, 936-39 (Fla. 2001); Heardon v. Graham, 767 So. 2d 1179, 1184 (Fla. 2000); Nardone v. Reynolds, 333 So. 2d 25 (Fla. 1976). Though Laflower is not required to negate the application of the statute of limitations in his complaint, the Court agrees with Philip Morris and Reynolds that the allegations regarding his 2007 chest x-ray are too vague to determine whether he claims to actually have COPD, which might then make 2007 the appropriate timeframe for the commencement of the statute of limitations, at least as to that condition. The motion to dismiss is due to be granted.

The Court will, however, allow Laflower to amend his complaint to clarify whether he alleges that he has COPD caused by smoking and its onset date. The Court will also address the defendants' remaining arguments to provide further guidance.

**C.   Defects and Causation**

Republic and Top contend that Laflower has not adequately alleged a claim based on a design defect. Republic, Top, and Laflower agree that, to plead a strict liability cause of action under Florida law, a plaintiff must plead that the defendant placed a defective product on the market that caused the plaintiff's injury, and that a product may be defectively designed when it fails to perform as safely as an ordinary consumer would expect when used as intended or as reasonably foreseeable by the manufacturer. (Doc. 27 at 4-5; Doc. 43 at 3-4.)

Relying largely on Gibbs v. Republic Tobacco, L.P., Republic and Top argue that Laflower's design defect claims must be dismissed because the risks associated with tobacco are so well-known that, as a matter of law, they cannot be considered unreasonably dangerous. (Doc. 27 at 4-6.) In Gibbs, the court dismissed the pro se plaintiffs' Florida state law product liability, negligence, and intentional tort claims based on Republic's and Top's alleged failure to warn of the dangers of smoking loose-leaf tobacco. 119 F. Supp. 2d 1288, 1290-91 (M.D. Fla. 2000). After dismissing the claims of two plaintiffs based on res judicata, the court dismissed the remaining plaintiff's claims after taking "judicial notice that the dangers, risks, and adverse health consequences that are associated with any type of tobacco use are open, obvious, and well-known to the general public as a whole." Id. at 1293. The court concluded that there could therefore be no duty to warn of these well-known dangers and that, similarly, such open and obvious risks meant that defendants' loose-leaf tobacco could not be unreasonably dangerous. Id. at 1295.

Contrary to Republic's and Top's interpretations, the allegations in Gibbs and the other cases they cite are not "nearly identical" to the allegations in this case.[3] Laflower does not dispute that ordinary tobacco may be dangerous, and actually acknowledges that he "knows that smoking generally poses some health risk." (Doc. 17 at ¶ 33.) He alleges, however, that the ordinary consumer would not expect

---

[3] Though this case is not an "Engle progeny case" (see Doc. 19), the Court notes that Gibbs and the rest of the cases Republic and Top cite all predate the developments in Florida law regarding cigarettes and tobacco leading up to and since the Florida Supreme Court's opinion in Engle v. Liggett Group, Inc., 945 So. 2d 1246 (Fla. 2006).

9

defendants to use additives, flavorants, and flue-curing to make their products easier to smoke and more dangerous and addictive than tobacco would be otherwise. (Doc. 17 at ¶¶ 31-33.) Republic and Top point the Court to no cases dealing with such allegations. The Court must take these allegations as true for purposes of the motion to dismiss and, after doing so, denies Republic's and Top's motion to dismiss Laflower's design defect claims.

Finally, Philip Morris and Reynolds contend that Laflower has not adequately alleged that smoking caused the physical and mental conditions from which he suffers.[4] The second amended complaint alleges that specific design defects led to him suffer from certain physical and mental ailments. (Doc. 66, ¶¶ 19, 24-25, 29-30; Doc. 83 at 2.) Laflower will, of course, have to prove the truth of these allegations. But the Court finds that they adequately allege causation, with the exception of his reference to COPD. As noted earlier, it is not clear from the More Definite Statement whether Laflower alleges that he has COPD at all, let alone that it was caused by smoking. The Court agrees with Philip Morris and Reynolds that this aspect of the complaint is lacking.

Accordingly, it is hereby

**ORDERED**:

1.	Defendants R.J. Reynolds Tobacco Company's and Philip Morris USA

---

[4] The Court notes some incongruence in the defendants arguing, on one hand, that Laflower has not adequately alleged that smoking caused his alleged illnesses and, on the other hand, that the risks of smoking are "open and obvious." (Doc. 27 at 7-10; Doc. 85 at 9.)

Inc.'s Joint Motion to Dismiss (Doc. 85) is **GRANTED in part** and **DENIED in part**.

2.  Defendants Republic Tobacco, L.P.'s and Top Tobacco L.P.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 27) is **DENIED**.

3.  On or before **July 27, 2015**, Laflower shall file a third amended complaint.

4.  On or before **August 24, 2015**, the defendants shall file any responsive pleadings to the third amended complaint.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of June, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record

Pro se plaintiff